FILED - GR
May 3, 2010 4:04 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _CR__/_____

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**Carla VanValkenburg,**

Plaintiff,

v.

**Accounts Receivable Management, Inc.,** a New Jersey corporation,

Defendant.

Hon.

**1:10-cv-429**

**Janet T. Neff**
**U.S. District Judge**

## I. Introduction

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* and the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

## II. Jurisdiction

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

## III. Parties

3. Plaintiff Carla VanValkenburg is a natural person residing in Kent County, Michigan. Ms. VanValkenburg is a "consumer" and "person" as the terms are defined and/or used in the FDCPA. Ms. VanValkenburg is a "consumer," "debtor" and "person" as the terms

are defined and/or used in the MOC.

4. Defendant Accounts Receivable Management, Inc. ("ARM") is a New Jersey corporation According to its website (www.arm1.com), ARM maintains its corporate offices at 155 Mid Atlantic Parkway, Thorofare, New Jersey 08086. ARM is qualified to do business in Michigan as a debt collector. The registered agent for ARM in Michigan is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. ARM uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. ARM regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. ARM is a "debt collector" as the term is defined and/or used in the FDCPA. ARM is a "collection agency" and a "licensee" as the terms are defined and/or used in the MOC.

## IV. Facts

5. Ms. VanValkenburg had a credit account (No.**** **** **** 5641) with HSBC Bank which she used to obtain goods and/or services for personal, family or household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

6. The original creditor or a successor in interest claimed that the debt was not paid and hired ARM to collect the allegedly delinquent debt.

7. Alternatively, ARM purchased the debt after the account allegedly became delinquent.

8. Ms. VanValkenburg disputes the debt.

9. Ms. VanValkenburg refuses to pay the debt.

10. Beginning in or about December 2009, ARM repeatedly telephoned Ms. VanValkenburg in efforts to collect the alleged debt.

11. On or about April 13, 2010, Ms. VanValkenburg spoke by telephone with an ARM employee identified as Tanisha McGuire. The ARM employee stated that ARM had been calling in efforts to collect a debt in the amount of $499.32 owed by Ms. VanValkenburg in connection with an HSBC account. The ARM employee offered to settle the account for an immediate payment of $300.00. In the ensuing conversation, the ARM employee made the following representations:

a) ARM was in the process of moving the account for further collection activity which meant the balance would begin to increase as new interest and late fees would be added to the account.

b) If Ms. VanValkenburg did not agree to settle the account soon, additional charge-off fees would be added to the account balance.

c) Derogatory information regarding the account was being reported on Ms. VanValkenburg's credit report.

d) ARM sent Ms. VanValkenburg a letter when ARM first got the account, giving Ms. VanValkenburg thirty days to dispute the matter and stating that if Ms. VanValkenburg did not respond within the thirty days, the debt would be valid.

e) Ms. VanValkenburg's right to dispute the debt expired on January 18, 2010.

f) Someday Ms. VanValkenburg would need credit, and she always would have the HSBC account sitting on her credit report.

g) If Ms. VanValkenburg did not pay the debt and the account gets sent to another

collection agency, the next collection agency could add collection fees to the balance.

h) If Ms. VanValkenburg did not pay the debt, the account would not drop off her credit report for seven to ten years, and even then, it would not really drop off, and even if the account did not appear on her credit report, her credit score still would be affected.

12. ARM and its employee falsely represented or implied to Ms. VanValkenburg that if she did not pay the debt, new late fees would be added to the account balance.

13. ARM and its employee falsely represented or implied to Ms. VanValkenburg that if she did not pay the debt, additional charge-off fees would be added to the account balance.

14. The FDCPA does not require the consumer to provide *any reason at all* in order to dispute a debt. *Sambor v. Omnia Credit Servs.*, 183 F. Supp. 2d 1234 (D. Haw. 2002); (*Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); *Whitten v. ARS National Servs. Inc.*, 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002) (imposing a requirement that a consumer have a 'valid' reason to dispute the debt is iARMnsistent with FDCPA); *Castro v. ARS National Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *Frey v. Satter, Beyer & Spires*, 1999 WL 301650 (N.D. Ill. May 3, 1999); *DeSantis v. Computer Credit, Inc.*, 269 f.3d 159 (2nd Cir. 2001); *Mejia v. Marauder Corporation,* 2007 WL 806486 (N.D. Cal. 2007) (unlawful to suggest that proof of payment required for dispute). The FDCPA allows the consumer to orally dispute a debt. *Brady v. The Credit Recovery Company, Inc.,* 160 F.3d 64 (1st Cir. 1998). The FDCPA does not limit the time during which the consumer may

dispute the debt.

15. The failure of a consumer to dispute the validity of a debt under the FDCPA may not be construed by any court as an admission of liability by the consumer. 15 U.S.C. § 1692g(c).

16. ARM and its employee falsely represented or implied to Ms. VanValkenburg that ARM had sent a letter to Ms. VanValkenburg, giving her thirty days to dispute the debt and stating that if Ms. VanValkenburg did not respond within the thirty days, the debt would be valid.

17. ARM and its employee falsely represented or implied to Ms. VanValkenburg that because Ms. VanValkenburg had not responded within thirty days to a letter ARM had sent to Ms. VanValkenburg, the debt had become valid.

18. ARM and its employee falsely represented or implied to Ms. VanValkenburg that her right to dispute the debt had expired on January 18, 2010.

19. ARM and its employee made false representations to Ms. VanValkenburg regarding her rights to dispute the debt.

20. The Fair Credit Reporting Act,15 U.S.C. § 1681 *et seq.,* states that no consumer reporting agency may make any consumer report containing information regarding "accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. § 1681c(a)(4). The running of the seven-year period begins "upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action." 15 U.S.C. § 1681c(c)(1).

21. ARM and its employee falsely represented or implied to Ms. VanValkenburg that

if she did not pay the debt, she always would have the HSBC account sitting on her credit report.

22. ARM and its employee falsely represented or implied to Ms. VanValkenburg that if Ms. VanValkenburg did not pay the debt, the account would not drop off her credit for seven to ten years, and even then, it would not really drop off, and even if the account did not appear on her credit report, her credit score still would be affected.

23. ARM and its employee falsely represented the length of time for which derogatory information regarding the account could be included in Ms. VanValkenburg's credit history.

24. ARM and its employee falsely represented or implied to Ms. VanValkenburg that if she did not pay the debt and the account was sent to another collection agency, the next collection agency could add collection fees to the balance.

25. The statements, acts and omissions of ARM and its employee done in connection with efforts to collect a debt from Ms. VanValkenburg were done intentionally and wilfully.

26. ARM and its employee intentionally and wilfully violated the FDCPA and MOC.

27. As an actual and proximate result of the acts and omissions of defendant and/or its employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, embarrassment, stress, mental anguish, emotional stress, and suffering for which she should be compensated in an amount to be established by jury and at trial.

## V. Claims for Relief

### Count 1– Fair Debt Collection Practices Act

28. Plaintiff incorporates the foregoing paragraphs by reference.

29. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

b) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

c) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff; and

d) Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d) Such further relief as the court deems just and proper.

**Count 2– Michigan Occupational Code**

30. Plaintiff incorporates the foregoing paragraphs by reference.

31. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or

threatened and (ii) the legal rights of a creditor or debtor; and

c) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

**Demand for Trial by Jury**

Plaintiff demands trial by jury.

Dated: May 3, 2010

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com